SIEVERS *v.* BROWN.

Mar. 9, 1953

No. 38699 23 Adv. S. 23 63 So. 2d 217

*Howard Dyer, Jr.,* for appellant.

*James Robertshaw,* for appellee.

McGEHEE, C. J.

The plaintiff, S. C. Brown, brought this suit in the county court to recover from the defendant Martin Sievers the sum of $1,264.25 as the balance which he claimed to be due for 1,589½ hours of work as a carpenter, done and performed at the instance and on behalf of the defendant. Prior to the trial he obtained leave to amend his declaration so as to make a claim for 2,224½ hours of work and demanded judgment for a total balance of $2,216.75, after having credited the defendant with total payments of $1,120.00 made during

the period within which the work was performed from June 18, 1949, to February 2, 1951, inclusive.

There was a jury verdict in favor of the plaintiff for $625.00 in the county court and the defendant appealed to the circuit court, where there was a jury verdict for $750.00, and from which circuit court judgment the defendant has taken a direct appeal and the plaintiff a cross appeal.

It appears from the testimony without dispute that the plaintiff had performed work as a carpenter in repairing rental property for the defendant, at irregular intervals throughout the period from 1930 to 1947; that throughout that period of time when the plaintiff would complete a particular piece of work the defendant would ask him how much he owed and would thereupon pay the plaintiff the amount charged, according to what the plaintiff then stated to be the value of the services rendered; that the defendant never kept any account of the hours of labor performed on any particular job for the reason that he didn't know, since the plaintiff was working for other people during that time, and the defendant relied upon him to make only a reasonable charge for the services rendered in each instance; and that no statement was ever rendered or required as to the amount of time devoted to any particular job of repairs. No further compensation is claimed for the period above mentioned.

That during the year 1947 the plaintiff was unable on account of his physical condition to continue to do much work as a carpenter and did not begin work for the defendant again until June 18, 1949, the beginning of the period of time involved in this suit; that the work was performed without anything being said by either party as to whether the plaintiff was to work on an hourly basis as now sued for by the plaintiff, or on the basis of what the services were reasonably worth up to the date of the respective payments made to him by the defendant throughout the period from June 18, 1949, to

February 2, 1951, inclusive. Again the defendant kept no account of the hours of work performed by the plaintiff, since he was working irregularly for the defendant and others during the period in question, and it is undisputed that during this period the defendant gave to the plaintiff twenty checks of $50.00 each and two checks of $60.00 each, and that at no time did the plaintiff ever make it known to the defendant that he was working on an hourly basis for $1.50 per hour as now claimed, nor does he contend that when the defendant would give him a check to cover what the defendant now contends was two weeks of working hours that he ever advised the defendant that he owed more than the amount of the check.

The plaintiff now claims that when he received his first check for $50.00 during the period sued for the defendant still owed him a balance of $264.25, but that he did not advise the defendant that he owed him a balance; that when he received his next check it left the defendant owing him $388.25; and that this balance continued to grow after crediting each $50.00 payment until it finally reached the sum of $1,264.25 according to the original declaration and $2,216.75 according to the amended declaration.

The plaintiff was 76 years old at the time of the trial in 1951, and according to the testimony of the defendant it was shown that another carpenter could have made the repairs on each job in considerably less time than the hours that the plaintiff claimed to have worked thereon, and that it was necessary for the defendant in many instances to have work which had been done by the plaintiff later changed or done over.

The appellant Sievers contends on this appeal that he was entitled to a directed verdict in his favor by reason of the fact that through a course of dealings over a period of several years, he had settled with the plaintiff on a quantum meruit basis; that plaintiff should not be

permitted to recover the prevailing wage on an hourly basis for the work in the absence of any agreement to that effect at variance with the previous course of dealings between the parties.

He also contends, and with some plausibility, that it is inconceivable and unbelievable that the plaintiff at his advanced age would have permitted the indebtedness to progressively increase to the amount now claimed without having at least advised the defendant that he was carrying forward a considerable amount as balance due upon receipt of each of the checks, and especially when the plaintiff was then serving as a night watchman for half of each night for the evident purpose of supplementing his income each month. Moreover, the defendant, who owned numerous rental houses, was no doubt amply able to have settled with him at any time the plaintiff may have desired.

On the other hand, the appellee and cross appellant Brown contends that he was entitled to a directed verdict for the full amount sued for, for the reason that the defendant in his answer stated that he "neither admits nor denies how many hours the plaintiff actually worked for the reason that the defendant does not know." He also contends that he was entitled to $1.50 per hour for the number of hours sued for, on the ground that the defendant neither alleged nor proved that $1.50 was not a reasonable charge for skilled labor. The trouble with the first contention is that the quotation from the defendant's answer is incomplete. The answer in the next sentence states that "the defendant admits that he made certain payments to the plaintiff but denies that these payments were made on account and states that each payment made was a payment in full for work done up to the date of the payment." The answer to the second contention is that the jury was entitled to consider whether or not the services of the plaintiff at his advanced age were worth less than that of the average

carpenter, and in view of the testimony of the defendant that another carpenter could have done the work in much less time than the plaintiff now claims that he consumed in doing the work, and to base its verdict on a quantum meruit basis rather than upon the prevailing wage per hour basis contended for by the plaintiff.

The decisions and texts relied upon by the appellant in contending that he was entitled to a directed verdict because of the nature and uncertainty of the contract relied upon by the plaintiff, would sustain his position except for the fact that the plaintiff is not suing to enforce an executory contract but according to his testimony the contract was fully executed except as to the payment for the balance claimed to be due.

A complaint is made as to the giving of certain instructions to the plaintiff and the refusing of two instructions requested by the defendant. Among those granted the plaintiff was one to the effect that the defense was one of confession and avoidance, whereas the defendant contends that the defense was one of accord and satisfaction. It is doubtful whether the defense interposed was ▮▮▮ either one of confession and avoidance, which admits the cause of action and sets up some matter in avoidance of the same, 41 Am. Jur., Sec. 158, page 403, or ▮▮▮ one of accord and satisfaction, but the defense more nearly resembles the latter, which may be interposed to a demand on either an express or implied contract. 1 Am. Jur., Sec. 19, p. 222. ▮▮▮ What the defendant claimed in his pleadings and in his testimony was that he never did at any time owe to the plaintiff the money sued for in this case. Hence we do not think that the instruction complained of should have been given; that when considered alone, it is confusing and misleading. In one place it told the jury that the defense was one of payment, and elsewhere therein it is stated that it is a plea of confession and avoidance. And while it is true that either would constitute an affirmative defense as stated in the instruction, and the plea was

in a sense a plea of payment for all work done, yet the defendant did not claim that he had paid the amount sued for. He pleaded and testified as heretofore stated that he never did owe this amount; that the payments aggregating $1,120.00 that he had made during the period of the plaintiff's employment were given and accepted as payment in full. We think that the instructions for the plaintiff and the defendant when considered as a whole had the effect of fairly presenting this contention as the real issue in the case. Therefore, we would not reverse the case on account of the instructions.

We have concluded that we would not be justified in either holding that the defendant was entitled to a directed verdict in his favor or that the plaintiff was entitled to the full amount sued for. In other words, we are of the opinion that under all the facts and circumstances the verdict of the jury should be permitted to stand, and the judgment of the circuit court is therefore affirmed.

Affirmed.

*Lee, Kyle, Ethridge* and *Lotterhos, JJ.,* concur.